1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   EARON DREVON DAVIS,                        No.  2:23-cv-03000-DC-SCR

12                 Plaintiff,

13        v.                                    ORDER AND
                                                FINDINGS AND RECOMMENDATIONS
14   ACEF-MARTIN FOLSOM, LLC,

15                 Defendant.

16

17        Plaintiff Earon Drevon Davis is proceeding in this action pro se, which was referred to the

18   undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  In the last

19   several months, the parties have filed several motions in this action. However, the Court has not

20   ruled on Plaintiff's motion to proceed in forma pauperis ("IFP"), nor has it screened Plaintiff's

21   Complaint (ECF No. 1) or First Amended Complaint (ECF No. 4) as required by 28 U.S.C. §

22   1915(e).  Section 1915(e) provides that a court shall dismiss a case at any time if it determines the

23   action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

24   monetary relief against a defendant who is immune from such relief.

25        The Court has reviewed the affidavit submitted in support of the Motion for IFP, which

26   makes the necessary showing and will be granted.  The Court has screened Plaintiff's First

27   Amended Complaint ("FAC") pursuant to 28 U.S.C. § 1915(e) and finds it fails to state a claim.

28   Accordingly, it will be dismissed, and Plaintiff will be given leave to file a second amended

                                             1

complaint.  The court also denies two of Plaintiff's pending motions, recommends that another of those motions be denied, and defers ruling on the defendant's motion to dismiss pending the filing of an amended complaint by Plaintiff.

I.  SCREENING

A.    Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court

2

1   must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must

2   construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

3   less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520

4   (1972).  However, the court need not accept as true conclusory allegations, unreasonable

5   inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618,

6   624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

7   to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*,

8   556 U.S. 662, 678 (2009).

9         To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

10   state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has

11   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

12   reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at

13   678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

14   to amend, unless the complaint's deficiencies could not be cured by amendment.  *See Akhtar v.*

15   *Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

16         B.      The First Amended Complaint

17         Plaintiff filed his original complaint on December 26, 2023.  ECF No. 1.  It named one

18   defendant, ACEF-Martine Folsom LLC ("Defendant"), and alleged federal question jurisdiction

19   based on the Lanham Act.  ECF No. 1.  Prior to screening of the original complaint, Plaintiff filed

20   a First Amended Complaint ("FAC") on August 19, 2024.  ECF No. 4.  The FAC again names

21   only Defendant.  The FAC asserts a claim under the Lanham Act and several state law claims:

22   breach of contract, malicious prosecution, malicious intent and false claims, and estoppel.  ECF

23   No. 4 at 3-4.  Plaintiff alleges the "unauthorized use of his common law trademark 'EARON

24   DAVIS,'" and wrongful termination of a rental agreement that resulted in his homelessness.  *Id.*

25   at 1.

26         Plaintiff alleges that he entered into a rental agreement with Defendant for an apartment at

27   the Wexler Apartments on August 11, 2023.  *Id.* at 2.  He alleges he moved in on August 24,

28

3

2023, and was in compliance with the terms of the agreement[1], but that Defendant refused payment and terminated the agreement.  *Id.*  Plaintiff was evicted in February 2024.  *Id.*  The only allegation concerning the alleged improper use of his name is: "In addition, Defendant used Plaintiff's common law trademark 'EARON DAVIS' without authorization, infringing on Plaintiff's rights under the Lanham Act and common law."  *Id.*  Plaintiff seeks $5 million in damages, including $1 million for his Lanham Act claim.

> C.   Analysis

The FAC asserts only one federal claim, for trademark infringement under the Lanham Act.  Plaintiff alleges in conclusory fashion that his name is a trademark and Defendant used it without authorization.  A trademark "is a symbol or a device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of use by all other persons."  *Vidal v. Elster*, 602 U.S. 286, 290 (2024) (internal quotation and citation omitted).  Trademark protection can help distinguish a person's goods and services from those of others and the "one who first uses a distinct mark in commerce thus acquires rights to the mark."  *Id.*  The Lanham Act creates a trademark-registration system administered by the Patent and Trademark Office.  *Id.* at 291.  The Lanham Act contains what is called a "names clause" that prohibits the registration of a mark that "consists of or comprises a name . . . identifying a particular living individual except by his written consent."  *Id.* citing 15 U.S.C. § 1052(c).  The names clause "excludes from registration not only full names but also surnames, shortened names, and nicknames, so long as the name does in fact identify a particular living individual."  *Id.*  Plaintiff does not allege that his trademark is federally registered.

In order to establish a claim of trademark infringement under the Lanham Act, a plaintiff must allege that the defendant "is using a mark confusingly similar to a valid, protectable trademark."  *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999).  "Before infringement can be shown, the trademark holder must demonstrate that it owns a valid mark, and thus a protectable interest."  *KP Permanent Make-Up,*

---

[1] Plaintiff also alleges "other tenants were allowed to make late payments," so it may be that Plaintiff's payment was late.  ECF No. 4 at 2.

1    *Inc. v. Lasting Impression, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005).  Once the holder of the

2    trademark shows it has a protectable interest, "the holder must show that the infringer's use of the

3    mark is likely to cause confusion, or to cause mistake, or to deceive." *Id.* (internal quotation and

4    citation omitted).  Stated otherwise, to establish a prima facie case of trademark infringement, "a

5    plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the

6    other party had adopted a mark or name that was the same, or confusingly similar to its mark,

7    such that consumers were likely to confuse the two." *Tana v. Dantanna's*, 611 F.3d 767, 773

8    (11th Cir. 2010).

9            Plaintiff has not alleged facts that come remotely close to showing trademark

10   infringement.  The allegations of the FAC are conclusory.  The factual allegations of the FAC

11   appear to concern a landlord tenant issue and eviction.  ECF No. 4 at 2.  There are no facts pled

12   establishing that Plaintiff has legally protectable interest in a trademark, or that it is registered.

13   There are no facts pled concerning in what manner Defendant allegedly used his name in a

14   manner likely to cause confusion or deceive consumers.

15           Plaintiff's allegations concerning his state law claims are also fairly conclusory.  ECF No.

16   4 at 3-4.  However, the Court will not evaluate in detail his state law claims at this point because

17   if Plaintiff is ultimately unable to state a claim on his alleged Lanham Act violation, the Court

18   would decline supplemental jurisdiction over his state law claims.  28 U.S.C. § 1367(c)(3)

19   (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over

20   which it has original jurisdiction); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

21           The FAC fails to state a claim for violation of the Lanham Act, which is the only federal

22   claim asserted, and is thus subject to dismissal.  *See* 28 U.S.C. § 1915(e).  However, rather than

23   recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to

24   amend the complaint to allege facts supporting a cognizable cause of action.

25                                   II.  AMENDING THE COMPLAINT

26           If plaintiff chooses to amend the complaint, the amended complaint must allege facts

27   establishing the existence of federal jurisdiction.  Fed. R. Civ. P. 8(a)(1).  In addition, it must

28   contain a short and plain statement of plaintiff's claims. Fed. R. Civ. P. 8(a)(2).  The allegations

of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." *Id.* at 1180.  The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *Id.* at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

### III.  Other Pending Motions

The Court has also considered Plaintiff's "Preliminary Motion to Deny any Extension of Time" (ECF No. 5).  This motion seeks to deny a hypothetical motion for extension of time that Defendant has not filed.  It will be denied.

Plaintiff has also filed a Motion to Strike (ECF No. 9) which seeks to strike Defendant's Motion to Dismiss (ECF No. 6).  Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a **pleading** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (emphasis added).  Motions to strike are generally disfavored. *Figueroa v. Kern County*, 506 F.Supp.3d 1051, 1056 (E.D. Cal. Dec. 10, 2020).  Plaintiff is attempting to strike Defendant's motion, and his Motion to Strike is effectively his response to the motion to dismiss.  Accordingly, the motion to strike will be denied, but the Court will consider it as Plaintiff's opposition to the Motion to Dismiss, at the appropriate time.  The Court will defer ruling on Defendant's Motion to Dismiss pending the screening of any amended complaint that Plaintiff might file.

Finally, Plaintiff has also filed a Motion for Default Judgment (ECF No. 7).  The undersigned recommends that Plaintiff's Motion for Default Judgment be denied, for several reasons.  "First, the clerk never entered default, which–under the plain language of Federal Rule of Civil Procedure 55—is a prerequisite for a default judgment under Rule 55(b)(2).  Second, [Defendant] is defending itself in the action and the disputes can be resolved on the merits." *Bay Area Painters and Tapers Pension Trust Fund v. Ventura Finishing Systems*, No. 14-cv-03364-HSG (LB), 2016 WL 2343019, at *1 (N.D. Cal. Mar. 31, 2016).  Moreover, Plaintiff cannot be granted default judgment when there is no operative complaint on file.

**IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for IFP (ECF No. 2) is GRANTED;

2.  Plaintiff's Preliminary Motion to Deny any Extension of Time (ECF No. 5) is DENIED;

3.  Plaintiff's Motion to Strike (ECF No. 9) is DENIED;

4.   Plaintiff **shall have 30 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  The amended complaint shall be captioned "Second Amended Complaint."  The amended complaint must include a sufficient jurisdictional statement, comply with Rule 8, and address the deficiencies set forth in this order.  If Plaintiff fails to timely comply with this order, the

7

1    undersigned may recommend that this action be dismissed; and

2        5.  The Court will defer ruling on the Motion to Dismiss (ECF No. 6) until Plaintiff

3            submits a Second Amended Complaint in compliance with this order.  That motion is

4            premature as the Court has not screened the FAC and has not directed service.  *See* 28

5            U.S.C. § 1915(d).

6        6.  Alternatively, if Plaintiff if no longer wishes to pursue this action, Plaintiff may file a

7            notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of

8            Civil Procedure.

9        Further, **IT IS RECOMMENDED** that Plaintiff's Motion for Default Judgment (ECF

10   No. 7) be denied.

11       These findings and recommendations will be submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

13   after being served with these findings and recommendations, either party may file written

14   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

15   Findings and Recommendations."  The parties are advised that failure to file objections within the

16   specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.*

17   *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18   DATED:  December 10, 2024.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

8