UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARON DREVON DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>ACEF-MARTIN FOLSOM, LLC,<br><br>Defendant. | No. 2:23-cv-03000-DC-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding pro se in this action, which was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has been granted leave to proceed in forma pauperis. ECF No. 12. Now before the Court are Plaintiff's Second Amended Complaint ("SAC) (ECF No. 15), Plaintiff's motions for immediate judgment and default judgment (ECF Nos. 17 & 20), and Defendant's renewed motion to dismiss (ECF No. 23). The Court now concludes that the SAC fails to state a claim and recommends dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and that all pending motions be denied.

I. <u>Background Procedural History</u>

On December 11, 2024, the undersigned issued an Order and Findings and Recommendations which screened Plaintiff's first amended complaint ("FAC") pursuant to 28 U.S.C. § 1915. The undersigned explained that the FAC contained only one federal cause of

1

1  action, which failed to state a claim, and the FAC failed to comply with Federal Rule of Civil
2  Procedure 8. ECF No. 12. The undersigned also recommended Plaintiff's motion for default be
3  denied. *Id.* at 7. The Court deferred ruling on Defendant's motion to dismiss, noting that the
4  motion was "premature as the Court had not screened the FAC and has not directed service." *Id.*
5  at 8. The Court allowed Plaintiff 30 days to file a SAC. Plaintiff objected to the Findings and
6  Recommendations (ECF No. 13), which were adopted in full (ECF No. 14). Plaintiff thereafter
7  filed his SAC on January 27, 2025. ECF No. 15. That same day, Plaintiff filed a motion for
8  immediate judgment seeking $844 million in damages. ECF No. 17. Plaintiff then filed a motion
9  for default judgment (ECF No. 20) and Defendant filed a renewed motion to dismiss (ECF No.
10 23). Plaintiff's SAC has not yet passed the screening required by 28 U.S.C. 1915(e)(2).

   II. Screening

   A.   Legal Standard

13 The federal IFP statute requires federal courts to dismiss a case "at any time" if the action
14 is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or
15 seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).
16 In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil
17 Procedure.
18 Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and
19 plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this
20 court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled
21 to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief
22 sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly.
23 Fed. R. Civ. P. 8(d)(1).
24 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
25 *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the
26 court will (1) accept as true all of the factual allegations contained in the complaint, unless they
27 are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the
28 plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von*

*Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the factual allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.    The Second Amended Complaint

Plaintiff's SAC names one Defendant, ACEF-Martin Folsom LLC, and alleges federal question jurisdiction based on the Lanham Act. ECF No. 15. The SAC also contains state law claims for breach of contract and malicious prosecution. *Id.* at 2. That SAC also adds claims that were not in the FAC for violations of the Racketeer Influence and Corrupt Organizations Act ("RICO"), due process, and equal protection. *Id.* at 3.

Plaintiff's factual allegations are in paragraphs 8 to 11 of the SAC. ECF No. 15 at 2. Plaintiff alleges that he entered into a rental agreement with Defendant for an apartment at the Wexler Apartments on August 11, 2023. *Id.* at ¶ 8. He alleges he moved in on August 24, 2023,

and was in compliance with the terms of the agreement,[1] but that Defendant refused payment in September 2023. *Id.* Plaintiff was evicted in February 2024. *Id.* at ¶¶ 8-9. Plaintiff alleges he "later discovered procedural irregularities in related legal actions" including a fraudulent securities case docketed in his name and "[m]anipulation of Plaintiff's address and case information to preemptively derail Plaintiff's legitimate claims." *Id.* at ¶ 11.

Plaintiff then sets forth five claims for relief. Count I, under the Lanham Act, alleges that Defendant improperly used his name. *Id.* Count II alleges breach of the rental agreement. Count III alleges malicious prosecution premised on "baseless legal actions, including eviction proceedings." *Id.* Count IV alleges a RICO violation based on falsifying court records, coordinating with others, and "[u]tilizing deceptive practices to conceal or manipulate evidence." *Id.* at 3. Count V alleges that it was a violation of due process and equal protection to not accept his rent payment. *Id.*

The SAC seeks over $800 million in damages for violation of the Lanham Act, $10 million in compensatory damages, $25 million in punitive damages, and treble damages under RICO, citing 18 U.S.C. § 1964(c). Further, Plaintiff seeks to have Defendant's responsible parties imprisoned for up to 20 years. *Id.*

C. Analysis

The SAC now attempts to assert three federal claims: Count I for trademark infringement under the Lanham Act; Count IV for violation of RICO; and Count V for violations of due process and equal protection. Plaintiff alleges in conclusory fashion that his name is a trademark and Defendant used it without authorization. A trademark "is a symbol or a device to distinguish the goods or property made or sold by the person whose mark it is, to the exclusion of use by all other persons." *Vidal v. Elster*, 602 U.S. 286, 290 (2024) (internal quotation and citation omitted). Trademark protection can help distinguish a person's goods and services from those of others and the "one who first uses a distinct mark in commerce thus acquires rights to the mark." *Id.* The Lanham Act creates a trademark-registration system administered by the Patent and

---

[1] Plaintiff also alleges "other tenants were allowed to make late payments," so it may be that Plaintiff's payment was late. ECF No. 15 at 2.

1   Trademark Office. *Id.* at 291. The Lanham Act contains what is called a "names clause" that
2   prohibits the registration of a mark that "consists of or comprises a name . . . identifying a
3   particular living individual except by his written consent." *Id.*, citing 15 U.S.C. § 1052(c). The
4   names clause "excludes from registration not only full names but also surnames, shortened
5   names, and nicknames, so long as the name does in fact identify a particular living individual."
6   *Id.* Plaintiff does not allege that his name is a federally registered trademark.

7   In order to establish a claim of trademark infringement under the Lanham Act, a plaintiff
8   must allege that the defendant "is using a mark confusingly similar to a valid, protectable
9   trademark." *Brookfield Communications, Inc. v. West Coast Entertainment Corp.*, 174 F.3d
10  1036, 1046 (9th Cir. 1999). "Before infringement can be shown, the trademark holder must
11  demonstrate that it owns a valid mark, and thus a protectable interest." *KP Permanent Make-Up,*
12  *Inc. v. Lasting Impression, Inc.*, 408 F.3d 596, 602 (9th Cir. 2005). Once the holder of the
13  trademark shows it has a protectable interest, "the holder must show that the infringer's use of the
14  mark is likely to cause confusion, or to cause mistake, or to deceive." *Id.* (internal quotation and
15  citation omitted). Stated otherwise, to establish a prima facie case of trademark infringement, "a
16  plaintiff must show (1) that it had trademark rights in the mark or name at issue and (2) that the
17  other party had adopted a mark or name that was the same, or confusingly similar to its mark,
18  such that consumers were likely to confuse the two." *Tana v. Dantanna's*, 611 F.3d 767, 773
19  (11th Cir. 2010).

20  Plaintiff has not alleged facts to establish a claim of trademark infringement. The
21  allegations of the SAC are conclusory, and appear to concern a landlord tenant issue and eviction.
22  ECF No. 15. There are no facts establishing that Plaintiff has legally protectable interest in a
23  trademark, or that it is registered. There are no facts concerning in what manner Defendant
24  allegedly used his name in a manner likely to cause confusion or deceive consumers.

25  Plaintiff also adds for the first time RICO allegations. ECF No. 15 at ¶¶ 19-21. Plaintiff
26  alleges racketeering under 18 U.S.C. § 1962(c). "To state a claim under § 1962(c), a plaintiff
27  must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."
28  *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007). "Racketeering activity is an act

5

indictable under several provisions of Title 18 of the United States Code, and includes the predicate acts of mail fraud, wire fraud, and obstruction of justice." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004). A "pattern" requires at least two acts of racketeering activity within ten years of one another. *Id.*, citing 18 U.S.C. § 1961(5). A plaintiff must also allege that the predicates are related and "that they amount to or pose a threat of continued criminal activity." *Id.* Plaintiff's allegations are largely conclusory and fail to state a claim under RICO.

Plaintiff's Count V alleging a violation of due process and equal protection contends that his constitutional rights were violated "by arbitrarily refusing his payment while allowing other tenants to pay late." ECF No. 15 at ¶ 22. To the extent Plaintiff is seeking to bring a claim for violation of his civil rights under 42 U.S.C. § 1983, the Defendant is his landlord and is not alleged to be a state actor. Instead, Defendant is alleged to be a "Delaware limited liability company conducting business in Sacramento." ECF No. 15 at ¶ 7. Generally, private parties are not acting under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991). Plaintiff has not alleged that Defendant was acting under color of state law, nor adequately alleged a due process or equal protection violation, and thus fails to state a claim.

Plaintiff's allegations concerning his state law claims are also fairly conclusory. ECF No. 15 at ¶¶ 15-18. However, the Court will not evaluate in detail his state law claims because he is unable to state a federal claim, and the Court would decline supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001).

III. <u>Leave to Amend</u>

The Court has considered Plaintiff's pro se status and whether he should be granted leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). The Court has also considered that this is Plaintiff's third complaint, and that a prior screening order informed him of the deficiencies with his pleadings. Thus, Plaintiff had notice of the deficiencies prior to filing the

6

SAC. Instead of curing the deficiencies, Plaintiff again pleaded a deficient Lanham Act claim, attempted to add new federal claims supported largely by conclusory allegations, and requested over $800 million in damages and the jailing of Defendant for what appears to be a landlord/tenant dispute. The Court has considered futility of amendment and finds further leave to amend would be futile. *See Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend."); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

### IV. Other Pending Motions

First, still pending on the docket is Defendant's motion to dismiss the FAC (ECF No. 6). That motion has been rendered moot by the filing of the SAC and Defendant's filing of a renewed motion to dismiss. The Court recommends it be denied as moot.

Second, the same day the SAC was filed, Plaintiff filed a motion for immediate judgment ECF No. 17. The motion cites to Rule 55(b) and appears to request a default judgment. The undersigned recommends that Plaintiff's motion for immediate judgment be denied, for several reasons. There is no Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a). "A clerk's entry of default is a necessary predicate to obtaining default judgment." *Siegler v. Sorrento Therapeutics*, 2018 WL 6303728 (S.D. Cal. Dec. 3, 2018). Additionally, Plaintiff's SAC has not passed screening, and the Court has not directed service, so Defendant is not in default. Third, Defendant is defending the action and has filed motions to dismiss. ECF Nos. 6 & 23.

Plaintiff also filed a motion for default judgment. ECF No. 20. Plaintiff argues that Defendant did not file a responsive pleading within 21-days of the filing of the SAC. Plaintiff seeks judgment in the amount of $2,533,575,000. The Court had not screened the SAC, and thus no responsive pleading was due. Defendant was not in default. The Court recommends the motion for default judgment be denied for the same reasons as the motion for immediate judgment.

Finally, Defendant filed a renewed motion to dismiss (ECF No. 23). Defendant argues that it has not been properly served, and that Plaintiff fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2). As the Court has determined as part of its screening obligation that the SAC fails to state a claim, it recommends this motion be denied as moot.

## CONCLUSION

The in forma pauperis statute, 28 U.S.C. § 1915(e) provides that this Court "shall dismiss the case at any time" if it determines that the action is "frivolous or malicious" or fails to state a claim on which relief may be granted. Plaintiff's SAC alleges that his landlord is a criminal enterprise and seeks over $2 billion in damages because the landlord "would not accept his proposed payment arrangement, despite allowing other tenants to make late payments." ECF No. 15 at ¶ 9, 19-21. Plaintiff's claims of trademark infringement and under RICO appear frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a claim is frivolous when it "lacks an arguable basis either in law or in fact."). The Court additionally concludes that the SAC fails to state a federal claim for the reasons outlined above, and recommends the Court decline supplemental jurisdiction over the state law claims.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's SAC be dismissed without further leave to amend because his federal claims fail to state a claim and/or are frivolous under the screening required by 28 U.S.C. § 1915(e)(2)(B);
2. Plaintiff's motion for immediate judgment (ECF No. 17) be DENIED;
3. Plaintiff's motion for default judgment (ECF No. 20) be DENIED;
4. Defendant's motion to dismiss (ECF No. 6) and renewed motion to dismiss (ECF No. 23) be DENIED AS MOOT; and
5. The Clerk be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written

objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

SO ORDERED.

DATED: May 16, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE